Case number 14-7014, Louis P. Cannon et al. Appellant v. District of Columbia. Mr. LaFond for the appellant, Mr. Lowe for the appellate. Good morning, Your Honor. Good morning. The employees of the court, I'm Matthew LaFond, attorney for the retired police officers of the Metropolitan Police Department.  The salaries and benefits of federal employees may not be taxed by the District of Columbia without the United States government's consent. The Public Salary Tax Act prohibits any state type of taxation which discriminates upon the basis of the federal source of the income. If such discrimination diminishes the efficacy of the federal government's ability to contract and confer benefits upon those employees... Once the district court dismissed all of your federal claims, why was there jurisdiction to even consider this claim, this Public Salary Tax Act claim? Well, the very nature, as to whether the Public Salary Tax Act applies, is that the question? Well, you've got a claim based on that statute. Which is a federal statute for U.S.C. 9-1-11. Well, under Jenkins, in the provisions and at sites of the D.C. Court Reform and Criminal Procedure Act that Congress passed, setting forth what the jurisdiction would be of the superior court vis-a-vis this court, why isn't that binding and why shouldn't we just affirm this dismissal with instructions to dismiss your Public Salary Tax Act claim? Because it can't be remanded to the superior court because it wasn't removed from the superior court. So why shouldn't this case simply just be affirmed and in what directions to dismiss it? The federal statute, the Congressional enactment that became the District of Columbia statute, which confers this exclusive jurisdiction as to the assessment of taxes in the District of Columbia to be heard in the superior court, speaks to the assessment of taxes. That's a point to which we have never reached in this case because the District of Columbia disputes that this is an attack. But if you're right, then you are going to reach it. And it needs to be heard in superior court. So I'm assuming you want somebody to say you're right, and whoever that somebody is has got to be a superior court judge, isn't it? Unless, of course, we have already attached 1367 jurisdiction to the case by the fact that we have prevailed on a federal claim, which was a big issue. The federal claim is gone. That's where I take exception because that's not what the statute says. The statute says if all of the federal claims are dismissed, and they weren't dismissed, we won on the FLSA claim. And I believe, given the mandatory language of 1367, the district court cannot eschew the federal question jurisdiction once it has been established by the FLSA claim. And absent some requirement under C, which was never played by the District of Columbia, that cannot happen. And we have also just demonstrated an exclusive jurisdiction provision with regards to very much the 1997 Act, with regards to what we assert is the negation of 5723E. In the venue selection under, I believe, 1809, which states that the district court shall have exclusive jurisdiction over all claims arising from the 1997 Act. We have fully pledged that the 1997 Act, which did away with the District of Columbia's funding of the police officers' pre-1997 pensions, has negated the 1979 Act's language, which gave the District of Columbia the authority to offset pensions which it paid. Can I clarify that you seek damages as well as injunctive relief? At this point, these folks are looking for the back pay. So the Public Salary Tax Act, if you prevailed on that, you would want money back. Yes, you would want money back. And to follow up on Judge Wilkins' questioning, it seems to me that whatever jurisdiction there may be over other claims, the Jenkins case, the D.C. Tax Injunction Act, maybe even the Federal Tax Injunction Act, all make crystal clear that Federal courts would have no jurisdiction to award money back for taxes taken if such a violation were to be found. So if you are correct that a tax was imposed and you want that money back, every source of authority that I've seen has said, as to that claim, we have no jurisdiction in the Federal court system. So what's to be done? I believe that... No jurisdiction to give tax money taken improperly as a tax back. Okay, that's very different. That is very different than a case that I saw on this point that said that that was in direct conflict with it. The citation alludes me at the moment. Well, Jenkins is pretty explicit. Even if there is a mandatory remedy with regards to the reimbursement of the tax by the Superior Court, we still have not reached these multitude of home rule issues, which are necessarily Federal question issues, as to whether there was authority to do this at all. This Court has never opined, other than at one conclusory sentence in the prior opinion... If you're going to argue that we should revisit our prior opinion, you might want to spend your time arguing something else. There's no opinion to revisit. It was never decided. There's never been any examination of the validity of 5723E, despite the fact that it's completely negated by the 1997 Act, and the 1997 Act confers absolute authority, exclusive jurisdiction upon the District Court, for decisions arising from that Act. And that has never happened in this case. And these cases are indisputably cases involving interrelationship between Congress and the District of Columbia government and the proclamation of the Home Rule Statute, the initial conferring of the authority and funding to the District of Columbia to fund these pensions, and then having that taken away and wholly funded and run by the United States Treasury in 1997. I see that I've intruded. Why don't we give you time for rebuttal, and we'll hear from the District. Thank you very much. Thanks. Good morning. This is the Court. Richard Love for the District of Columbia. The first thing I want to point out is that Section 5723E was enacted by Congress as a part of the comprehensive reform of the District's pension system since the 1979 Retirement and Reform Act, and it directed the offset for police officers, firefighters, and teachers if they're subsequently reemployed by the District of Columbia. So, I mean, I think it's passing odd that it would be discriminating against itself. Can I ask you something? Does the Public Salary Tax Act even apply to the activities of the D.C. government? Because it seems to authorize taxation of monies from the federal government or the D.C. government. At the time it was enacted, there wouldn't have been any taxing authority in D.C. We didn't raise this in our brief. I'm curious as to why not. It's hard, but I agree. I mean, it's a 1939 act that was designed to protect federal and district employees against discriminatory state taxation, and I would think it's probably not even applicable. You didn't argue that? I did not. I mean, we cited the Jenkins case in our brief. If it's the appellant's theory this is a tax, which we disagree with, but if that's their theory, then I think Jenkins does provide jurisdiction in the Superior Court. You seem to argue that it couldn't trigger that, assuming that it even applies, because it operates on the salary, not on the pension benefits, right? Right. But if you had a rule that said we are going to tax your salary in the amount of 100 percent of whatever federal pension benefits you are getting, the fact that you're just operating on the salary would not prevent a court from finding that that violates either the Public Salary Tax Act or something else, right? Well, it's our position that if it operates on salary, it's operating on district salary. It's not operating on the federal fund. Even if it's measured by the tax, everyone's tax is measured by the amount of their federal pension? Yeah. And I think this Court in its earlier opinion said that 5723E directs an offset in salary, but it does not or can't touch the pension benefits. But we went beyond that, and we also indicate that for a Metropolitan Police Department who's a re-employed annuitant, that officer is subject to the offset, regardless of whether he or she receives their pension benefits from the federal president or the district attorney. So no discrimination. I mean, you're saying it's not a tax. Let me just make sure I have it all spelled out. It's not a tax. It's not salary. Even if it is a tax, it's not a tax on the salary. It's not on the benefits. Right, exactly. It is a tax on the salary. It's not a tax on the federal benefits. Right. And that's a D.C. salary. Even putting those both aside, it's not discrimination because it applies to both. And one further point. And even if it's a tax, it belongs in Superior Court. And one further point, Your Honor. Four alternatives, which do you have a preference among those four? No. No, not really. The Court can choose amongst them. But there is a fourth point, and that is. So you go ahead and make your fourth point, and I'll ask. Go ahead. Well, there was an idea. Well, really, there's no basis to imply discrimination based on the federal source of the funds here. The Court, in its earlier opinion, acknowledged that there are District of Columbia employees who were hired at a time before there was a district retirement system who are district employees retired under the civil service retirement system. They are not subject to the offset. And so, you know, it's not based on the offset isn't based on the source of the funds. Right. That's the no discrimination point, right? Right. No discrimination. And you can even be a park police officer and you've got the offset, right? It applies to certain federal officers, too, doesn't it? Yeah. Yeah. I mean, the Retirement Act dealt with. . . I know Secret Service officers, and I just can't recall if it went beyond that. It may have dealt with other federal law enforcement pensions. On the other claims, I mean, I don't want to repeat the arguments. We think it's plain that the law of the circuit and the law of the case are, you know, while not jurisdictional or a sound basis for the Court not revisiting those issues here, there's been no case authority, subsequent case authority that's been identified or anything else. Really, there's not been a word in Appellant's reply regarding this issue. And the Court soundly exercised its discretion to not exercise supplemental jurisdictions over the claims that remained. Of course, at the time of that decision, damages on the FLSA claim was still outstanding. That claim has now been totally resolved. That would certainly be a basis. And beyond that, the Court identified two other grounds that the novelty of the local law claims, as well as the fact that the D.C. claims predominated over what claims at that time remained. Can I ask you a question about the D.C. Tax Injunction Act, which talks about assessment or collection of taxes, no suit filed to do to stop those types of activities? It sounds, I mean, it's phrased somewhat like the Federal Tax Injunction Act and Anti-Injunction Act, which have been interpreted much more broadly to shut down virtually any action that seeks to interfere with tax collection processes in any way, shape, or form outside of the ordinary tax procedures for relief. Do you know if this D.C. Tax Injunction has been interpreted more broadly? I just wasn't able to find a whole lot on it to operate in that way. I think it operates similarly. Are there cases that you're aware of? And if you don't, that's fine. I think it might be in the Craig case, which is the D.C. Court of Appeals case, that I think talks about the D.C. Tax Injunction Act. There's no reason to think it's any narrower in its operation than the Tax Injunction Act or Anti-Injunction Act. No, I think it serves a similar purpose. So if there's no further questions from the Court, we would ask the Court to affirm the District Court's decision here. Thank you. Jenkins speaks directly to the appeal from or petition for review of an assessment of tax or civil penalty thereon made by the District of Columbia under three specific statutes, all Title XI of the District of Columbia Code. There is no suggestion in Jenkins or, subsequently, firm book that suggests that this would be applicable to this very arcane argument that we're having right now about whether this is a tax or not. I would draw the Court's attention to D.C. Code 61103B, which I think speaks very much to Judge Millett's question with regards to whether the Public Salary Tax Act applies to the District of Columbia. If you read just the language of B, it speaks directly to the prohibition of employees. This is page 49 of the back of the brief. That B is about two-thirds of the way down there. It says, halfway through that paragraph, it says, of a reemployed individual for any retirement benefits received by the reemployed individual pursuant to, first is 5 U.S.C. 8331, which is the Civil Service Retirement System of the United States government. D.C. Code 1-62603, which speaks to federal benefits which are not a part of the Civil Service Retirement System. And finally, our 5-723E, which speaks to reemployed annuitants who were receiving benefits under this strange police and fire retirement system dating back to the 1905 Act. Just to answer Judge Wilkins' question, yes, the Park Police were part of, would have been beneficiaries there, too, up until the 1979 Act. However, reading this language, the District of Columbia statute here and the Act, which in its preamble states, it is the intention of this Act to have all federal employees receiving, federal annuitants receiving federal benefits to be treated in the same manner as all other federal annuitants, such that their benefits not be offset. Through some strange construction of this subsection B, we operate to the exclusion of these police and fire retirement system employees. Again, this is a 2004 Act. It's a much later remedial legislation. You're over your time. Can you wrap it up? Okay, thank you. This necessarily is acting in the intent that we believe it should and should exclude these annuitants from the action such that it does not violate the Public Salary Tax Act. For these reasons and the reasons I've set forth in the brief, we ask that the summary dismissal by the District Court be vacated, that the matter remanded to the District Court for it to be heard on the federal claims that we so forth assert and the pending claims which form the same transaction and occurrence, such that the same trial should be had on all issues. Thank you. Thank you very much. Case is submitted.
judges: Kavanaugh, Millett, Wilkins